IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH BARKLEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-14-957 |
| STATE OF MARYLAND, et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Pending before the Court is Defendants', State of Maryland, former Warden Tyrone Crowder, Maryland Reception Diagnostic and Classification Center ("MRDCC"), and Department of Public Safety and Correctional Services ("DPSCS"), Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 13), and pro se Plaintiff Keith Barkley's Motions requesting polygraph examination (ECF Nos. 22, 23). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Defendants' Motion will be granted and Barkley's Motions will be denied as moot.

## I. BACKGROUND

Barkley is currently incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland. Barkley alleges he was sexually assaulted in an elevator, while incarcerated at MRDCC, by Corrections Officer, Defendant Paul Lee.[1] Barkley further alleges he was immediately transferred from MRDCC so that he was unable to file an Administrative Remedy Procedure ("ARP") request.

On October 2, 2011, the Inmate Affairs Division of the Division of Correction received a letter from Mr. Barkley reporting the alleged sexual assault. The Department of Public Safety and Correctional Services Internal Investigative Unit ("IIU") undertook a formal investigation of the

---

[1] Defendants' records indicate Officer Lee's first name is Paris, not Paul. Service has not been obtained on Officer Lee and he is no longer employed by DPSCS. Nevertheless, Barkley's claims against Lee will be dismissed as time-barred for the reasons stated herein.

alleged incident.  On September 19, 2012, IIU closed its investigation and issued no charges. Detective Sergeant Nwanja concluded he was unable to validate Barkley's allegation of sexual assault because (1) there were no medical records related to a sexual assault; (2) there was no indication of the submission of an ARP concerning the incident; and (3) MRDCC elevators cannot be stopped intermittently by the operating officers.

On April 21, 2014, Barkley filed this suit pursuant to 42 U.S.C. § 1983 (2012) seeking $15,000,000 in compensatory and punitive damages and injunctive relief.  (ECF No. 3).  Defendants filed the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on August 22, 2014.  (ECF No. 13).  The Motion is now ripe for disposition.

## II. DISCUSSION

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### B. Analysis

#### 1. Statute of Limitations

Because the Complaint was filed after the three-year limitations period, Barkley's claims are barred by Maryland's personal injury statute of limitations.

A state's personal injury statute of limitations is applied to all § 1983 claims.  Owens v. Okure, 488 U.S. 235, 240-41 (1989).  In Maryland, the general statute of limitations for personal

injury cases is three years. See Md. Code Cts. & Jud. Proc. § 5–101 (making default statute of limitations three years); see also Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period, which in Maryland is three years."). Federal law, however, governs the accrual date of a cause of action under § 1983. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under the general rule, the running of the statute of limitations begins as soon as the alleged wrongful action occurred. Id.

Here, Barkley alleges the assault occurred between May 21 and 27, 2010. His Complaint, however, was filed on April 21, 2014, more than three years from the date the alleged wrongful action occurred. Accordingly, the Complaint will be dismissed as time barred.

Although the Complaint is time barred in its entirety, the Court will address additional grounds for dismissal.

### 2. Sovereign Immunity

Barkley's allegations against the State of Maryland, the DPSCS, a Maryland state agency, and Warden Crowder, in his official capacity, are barred by the Eleventh Amendment.

The Eleventh Amendment immunizes states from suit brought in federal court absent waiver from the state or a clear exercise of congressional power to override such immunity under the Fourteenth Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). The State of Maryland has not expressly waived its immunity under the Eleventh Amendment to such suits. Further, a suit against a state official acting in his official capacity is no different from a suit against the state itself. Will, 491 U.S. at 71. Accordingly, the State of Maryland, DPSCS, and Crowder, in his official capacity, must be dismissed as Defendants from this action.

### 3. Amenability to Suit

MRDCC is not a proper defendant in a § 1983 action, for which a plaintiff must allege injury by a "person" acting under color of state law. See 42 U.S.C. § 1983 (2012); Monell v. Dep't of Soc.

Servs., 436 U.S. 658, 688, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1230 (2002). MRDCC is a building, an inanimate object that cannot act under color of state law and therefore is not a "person" subject to suit under § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (affirming the dismissal of a § 1983 claim against the Piedmont Regional Jail because the jail is not a "person" and, therefore, not amenable to suit under § 1983). Accordingly, MRDCC must also be dismissed from this action.

  **4.**  **Supervisory Liability**

To the extent Barkley seeks to hold Crowder liable in his individual capacity, Barkley's claim similarly fails.

Section 1983 requires a showing of personal fault, whether based upon the defendant's own conduct or another's conduct in executing the defendant's policies or customs. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, it must be affirmatively shown the official acted personally to deprive the plaintiff's rights). A claim based on the doctrine of respondeat superior has no place in § 1983 litigation. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Thus, supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Here, Barkley has

alleged no facts supporting a claim of supervisory liability on the part of Crowder. Accordingly, Crowder, in his individual capacity, must also be dismissed from this action.

### III. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 13) is GRANTED,[2] and Barkley's Motions requesting polygraph examination (ECF Nos. 22, 23) are DENIED as MOOT. A separate Order will follow.

<u>March 25, 2015</u>  /s/
Date

George L. Russell, Jr.
United States District Judge

---

[2] Defendants also assert failure to exhaust administrative remedies, failure to state a constitutional claim, and qualified immunity as grounds for dismissal. For reasons apparent in this Memorandum Opinion, the Court need not reach these defenses.