IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH BARKLEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-14-957 |
| STATE OF MARYLAND, et al., | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On December 9, 2015, the Court granted Plaintiff Keith Barkley ninety days to show cause why this case should not be dismissed for failure to serve Defendant Paul Lee, to state why his claims were not extinguished by Lee's death, and to move for a substitution of party, as may be appropriate. (ECF No. 38). The Court cautioned Barkley that failure to timely comply would result in dismissal of his claims. Barkley filed two untimely responses on March 11, 2016. (ECF Nos. 39, 40). He titles the first as a "Motion to Show Cause" (ECF No. 39) and the second as a "Motion Showing Why Claim is not Extinguished by Lee's Apparent Death and to Name Substitutes" (ECF No. 40). For the reasons that follow, the Court will dismiss this case with prejudice because Barkley's responses are untimely and unresponsive.

Barkley filed this case on March 27, 2014, alleging that in May 2010, he was sexually molested in an elevator at the Maryland Reception, Diagnostic and Classification Center ("MRDCC") by Correctional Officer Paul Lee. Defendants, the State of Maryland, former MRDCC Warden Tyrone Crowder, the MRDCC, and the Department of Public Safety and Correctional Services, by their counsel from the Office of the Attorney General of Maryland, filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 13). Lee, who was no longer employed by the Department of Public Safety and Correctional Services

when Barley filed this case, was not served. (ECF No. 13-1 n.1).

The Court determined Keith Barkley's claims were time-barred, granted the dispositive motion, and closed the case. (ECF No. 25). On October 14, 2015, the United States Court of Appeals for the Fourth Circuit affirmed the decision as to all Defendants, except Lee. (ECF No. 31). The Fourth Circuit vacated and remanded Lee's dismissal because the record did not show compliance with Federal Rule of Civil Procedure 4(m) before the claims against him were dismissed. Rule 4(m) provides that if a defendant is not served within 120[1] days after the Complaint is filed, the Court, on motion or on its own motion after notice to the Plaintiff, must dismiss the action without prejudice or order that service be made within a specified time. Prior to dismissing Barkley's claims against Lee, Barkley was entitled to show good cause for failure to serve Lee.

On remand, this Court ordered counsel to provide Lee's last known address under seal. (ECF No. 32). On November 6, 2015, the Summons and Complaint were sent to Paul Lee at his last known address by the U.S. Marshal, certified mail restricted delivery. (ECF No. 36). On December 7, 2015, the U.S. Postal Service returned the Summons and Complaint to the Clerk unexecuted. On the envelope was written "deceased" and "return to sender, unable to forward." (ECF No. 37).

On December 9, 2015, the Court granted Barkley 90 days to show why his claim was not extinguished by Lee's apparent death. Barkley was also provided an opportunity to state whether he wanted to substitute another party on whom to effectuate service, and why this party was an appropriate substitute for Lee. (ECF No. 38).

---

[1] For Complaints filed after December 1, 2015, the time limit for service is shortened to 90 days. Fed.R.Civ.P. 4(m) (2015 Amendment).

Barkley's response fails to show cause why his claim is not extinguished by Lee's apparent death or specify the name of a substitute defendant for service Barkley. (ECF Nos. 39, 40). Instead, Barkley asks this Court and the United States Congress to "override" the Eleventh Amendment so that he may bring suit against the State and its employees for failing to have cameras in prison elevators. (<u>Id.</u>). He also asks for the names of the policy makers who promulgated the MRDCC strip search policy. Barkley questions how and when Lee died. (ECF No. 40). Additionally, he asks for DNA testing on the boxers he wore on the night of the alleged sexual assault and on Officer Lee, and offers to take a polygraph test. (Id.). None of Barkley's requests is responsive to the Court's Order to Show Cause.

Accordingly, Barkley's claims against Paul Lee will be dismissed with prejudice. A separate Order follows.

Entered this 16th day of August, 2016

/s/
_____
George L. Russell, III
United States District Judge